1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

REDDING MEDICAL CENTER, INC.

12            Plaintiff,

13      v.                        NO. CIV. S-06-02737 FCD GGH

14                               MEMORANDUM AND ORDER

15
ACS BENEFIT SERVICES, INC.,
16  dba ACS CONSULTING; and DOES 1
    through 25, Inclusive,
17
             Defendants.
18

19
                         ----oo0oo----
20

21      This matter is before the court on defendant's motion to

22  dismiss plaintiff's complaint pursuant to Federal Rule of Civil

23  Procedure 12(b)(6).  For the reasons set forth below,[1]

24  defendant's motion is DENIED.

25  /////

26  _____

27      [1]  Because oral argument will not be of material
    assistance, the court orders the matter submitted on the briefs.
28  E.D. Cal. L. R. 78-230(h).

                              1

**BACKGROUND**

Plaintiff, Redding Medical Center ("the Hospital"), initially brought this action for breach of contract on October 30, 2006, in the Superior Court of the State of California for the County of Shasta.  Defendant removed the case to this court on the bases of diversity jurisdiction and original jurisdiction on December 4, 2006.

Plaintiff alleges that it entered into an agreement ("the Agreement") with Beech Street Corporation ("Beech Street") on October 1, 1990.  (Pl.'s Compl. ("Compl."), filed December 4, 2006, ¶ 3).  Beech Street routinely enters into contracts with providers on behalf of third party administrators who act as "Payors."  (Id.)  Plaintiff alleges that defendant ACS is a Payor within the definition provided in the Agreement.  (Id. ¶ 4).  The Agreement states that providers, such as the Hospital, will supply services at discounted rates to the beneficiaries of plans administered by the third party administrators such as ACS.  (Id. ¶ 5).  The Agreement also provides that the third party administrators, or Payors, must reimburse the Hospital at the specified rates.  (Id.)  If the Payor does not reimburse the Hospital within 30 days of receipt of a claim, the Agreement provides that the Hospital may revoke the discount and the Payor will be charged the Hospital's usual and customary rates.  (Id. ¶ 6).

Plaintiff alleges that a beneficiary of a plan administered by ACS ("the Patient") was treated at the Hospital from July 31, 2001 through August 31, 2001.  (Id. ¶ 7).  Further, plaintiff alleges that ACS agreed to pay the Hospital for the services

2

1  rendered at discounted rates pursuant to the Agreement. (Id. ¶
2  8). The Hospital provided services to the Patient and issued a
3  bill totaling $423,199.30 after application of the discount.
4  (Id.) Plaintiff alleges that ACS paid a portion of the amount
5  owed, but breached the Agreement by failing to pay the bill in
6  full. (Id. ¶ 9).

7       On December 11, 2006, defendant filed a motion to dismiss
8  plaintiff's sole claim for breach of contract pursuant to Federal
9  Rule of Procedure 12(b)(6). Defendant asserts that plaintiff has
10 failed to properly allege that ACS is a party to any contract
11 with plaintiff. Defendant also asserts that the claim must be
12 dismissed because it is preempted by the Employee Retirement
13 Income Security Act ("ERISA").

14                          **STANDARD**

15      On a motion to dismiss, the allegations of the complaint
16 must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322
17 (1972). The court is bound to give plaintiff the benefit of
18 every reasonable inference to be drawn from the "well-pleaded"
19 allegations of the complaint. Retail Clerks Int'l Ass'n v.
20 Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff
21 need not necessarily plead a particular fact if that fact is a
22 reasonable inference from facts properly alleged. See id.

23      Given that the complaint is construed favorably to the
24 pleader, the court may not dismiss the complaint for failure to
25 state a claim unless it appears beyond a doubt that the plaintiff
26 can prove no set of facts in support of the claim which would
27 entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45
28

                                3

1 (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th

2 Cir. 1986).

3     Nevertheless, it is inappropriate to assume that plaintiff

4 "can prove facts which it has not alleged or that the defendants

5 have violated the . . . laws in ways that have not been alleged."

6 Associated Gen. Contractors of Calif., Inc. v. Calif. State

7 Council of Carpenters, 459 U.S. 519, 526 (1983).  Moreover, the

8 court "need not assume the truth of legal conclusions cast in the

9 form of factual allegations."  United States ex rel. Chunie v.

10 Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

**ANALYSIS**

**I.  Failure to State a Claim**

13     Defendant contends that plaintiff has failed to state a

14 claim for breach of contract against ACS because it failed to

15 allege a contract between the Hospital and ACS.  Defendant argues

16 that the agreement plaintiff attached to the complaint is an

17 agreement between Beech Street and the Hospital.  (Def.'s Mem. of

18 P. & A. in Supp. of Mot. to Dismiss ("Mot. to Dismiss"), filed

19 December 11, 2006, at 4).  Further, defendant argues that the

20 Agreement does not specifically mention ACS as a party to the

21 Agreement.  (Id.)

22     Plaintiff alleges in the complaint that the Hospital entered

23 into the Agreement with Beech Street, which is in the business of

24 entering into contracts with providers on behalf of Payors, who

25 are obligated by the Agreement.  (Compl. ¶ 3).  Plaintiff also

26 alleges that "ACS is a Payor within the meaning set forth in the

27 Agreement."  (Id. ¶ 4).  Further, plaintiff alleges that "the

28 Agreement provides that ACS is obligated to comply with the terms

4

of the Agreement, including reimbursing the Hospital for such hospital services at the discounted rates set forth in the Agreement." (Id. ¶ 5).  By alleging that ACS is a Payor and that Payors are bound by the Agreement, plaintiff has sufficiently alleged that ACS is bound by the Agreement.[2]

The crux of defendant's argument is that the allegations in the complaint are not specific enough and that the alleged Payor Agreement between Beech Street and ACS is not supported by evidence.  (See Def.'s Reply, filed January 19, 2007, at 5-6). Rule 8(a) sets forth a liberal notice pleading standard which does not require plaintiff to provide evidence in support of his allegations made in the complaint.  "[A]ll the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a); see Conley v. Gibson, 355 U.S. 41, 47 (1957).  At the pleading stage, the court must accept well-pleaded allegations as true and draw all reasonable inferences therefrom.  Plaintiff has alleged that, as a Payor, ACS is bound by the Agreement between the Hospital and Beech.  Nothing in the attached Agreement contradicts this allegation.  Therefore, defendant's motion to dismiss plaintiff's claim for failure to allege that there was a contract between ACS and the Hospital is DENIED.

---

[2]    Plaintiff has also set forth several theories as to why contractual terms may be extended to non-signatories such as ACS. Because plaintiff has sufficiently alleged for the purposes of a motion to dismiss that, as a Payor, defendant was bound by the Agreement, the court does not reach the merits of those arguments.  However, to the extent such arguments are applicable and properly made, this does not preclude plaintiff from asserting these theories in the future.

## II. ERISA Preemption

Defendant contends that plaintiff's complaint is preempted by federal law because the plan at issue is an employee welfare and benefit plan governed by ERISA. Under section 1144(a) of ERISA, the statute's provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" as defined by ERISA. 29 U.S.C. § 1144(a). This preemption provision may be invoked only if 1) the relevant plan is governed by ERISA and 2) the state law claims "relate to the ERISA plan. 29 U.S.C. § 1144(a); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-98 (1983).

An "employee welfare benefit plan" regulated by ERISA is "any plan, fund or program . . . established or maintained by an employer" to provide its participants "benefits in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002(1). The United States Supreme Court has held that a state law claim is "related to" an ERISA plan if the claim "has a connection with or reference to such a plan." Shaw, 463 U.S. at 96-97.

At this stage in the litigation, the court cannot determine whether the preemption clause of ERISA applies to plaintiff's claim. The court cannot assess whether the relevant plan is governed by ERISA because neither plaintiff nor defendant has submitted the plan to the court.[3] As plaintiff notes in its Opposition to the Motion to Dismiss, "[n]othing in the Complaint, in the attached exhibits, or in any other matter of which the

---

[3]    The court does not address whether it could consider the plan if it were attached to defendant's motion.

court may take judicial notice demonstrates that this dispute is governed by ERISA." (Pl.'s Opp'n to Mot. to Dismiss, filed January 3, 2007, at 7). Therefore, defendant's motion to dismiss plaintiff's breach of contract claim based upon the assertion that it is preempted by ERISA is DENIED.

**CONCLUSION**

For the reasons stated herein, defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) is DENIED.

IT IS SO ORDERED.

DATED: February 2, 2007

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE